THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY BASEMORE,<br>M17380, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:26-cv-00145-GCS |
| | ) | |
| ZACHARY HART, | ) | |
| MAYNARD AGNE, | ) | |
| AMANDA CHOATE, | ) | |
| CODY WILSON, | ) | |
| KENNETH FARRAR, | ) | |
| BENJAMIN KELLER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Larry Basemore, an inmate of the Illinois Department of Corrections ("IDOC") who is currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Upon initial review, Basemore was allowed to proceed on three claims related to alleged self-harm, excessive force, and the denial of medical care. (Doc. 13). Service of process was completed, defendants have answered, and discovery is ongoing concerning the exhaustion of administrative remedies. In the interim, Basemore filed a Motion for a Temporary Restraining Order (Doc. 34) and Defendants responded (Doc. 42). For the foregoing reasons, Basemore's motion is denied.

The complaint centers on December 15, 2024, a day when Basemore alleges he engaged in self-harm by swallowing a "line" covered in staples. Basemore was allowed to proceed on a claim against Defendants Hart, Agne, Wilson, Farrar, and Keller concerning their response to this incident. He specifically complained that staff responded in a hostile manner and used mace in the process. Basemore was also allowed to proceed against Defendant Amanda on the allegation that she refused to send him out for emergency care. Additionally, Basemore was allowed to proceed against Hart, Agne, Wilson, and Farrar on the theory that they engaged in excessive force against him on December 15, 2024. The specific claims designated to proceed are:

**Count 1:** **Eighth Amendment deliberate indifference claim against Defendants Wilson, Farrar, Keller, Agne, and Hart for declining initial medical/mental health assistance when Basemore reported that he had swallowed a foreign object on December 15, 2024;**

**Count 2:** **Eighth Amendment excessive force claim against Defendants Hart, Wilson, Farrar, and Agne for the alleged force used on December 15, 2024;**

**Count 3:** **Eighth Amendment deliberate indifference claim against Defendant Amanda for refusing initial medical care on December 15, 2024.**

In the Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 34), Basemore claims he is now experiencing retaliation for this lawsuit. He specifically claims he is not receiving medical care needed for his feet, his back, and his eye, his conditions of confinement are poor, he has received disciplinary tickets he believes are improper or retaliatory, and he cannot secure mental health treatment, among other

things.  Basemore alleges that he fears for his life.  In the Motion, Basemore discusses prison staff beyond those named as defendants in this case.  As relief, Basemore asks for a prison transfer for the duration of this litigation.  (Doc. 34, p. 7).  In support of the motion, he submitted excerpts of disciplinary documents.

In response, the Defendants argue that Basemore's allegations are only tangentially related to the underlying claims in this lawsuit, and thus, relief is not appropriate. (Doc. 42).  They further contend Basemore has not established a likelihood of success on the merits of his claims, and the mandatory injunctive relief he seeks is unduly burdensome.

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and irreparable harm without the injunctive relief.  *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).  As for the first requirement, the Court must determine whether a "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).  The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief.  Irreparable harm is harm which cannot be repaired.  *See, e.g., Graham v. Medical Mutual of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) (stating that "[i]rreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for.  The injury must be of a particular nature, so that compensation in money cannot atone for it.").  The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction

on the public interest." *Id.; Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *See Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See, e.g., Tatum v. Hunter,* Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

As an initial matter, the Court will deny Basemore's Motion to the extent he seeks a temporary restraining order because such an order would only last for 14 days and it is obvious that Basemore wants longer-lasting relief.

Here, Basemore seeks a mandatory injunction in the form of a prison transfer. Though his Motion mentions Defendants in this lawsuit, the facts and legal allegations are distinct. The lawsuit concerns events that all transpired on December 15, 2024, and this Motion purports to concern issues that have developed recently or over time since

the filing of this suit. As such, the issues presented in the motion are immediately distinct. It is not appropriate for the Court to grant mandatory injunctive relief that reaches more broadly than the claims and parties in the case. Here, Plaintiff's claims are about self-harm, medical care, and a discrete incident involving the use of force on December 15, 2024, but the Motion is distinct and discusses ongoing medical care, conditions of confinement and alleged retaliation that all happened after this suit was filed. It would not be appropriate to grant injunctive relief on such broad issues in the present case. If Plaintiff has new problems that have emerged since the filing of this suit, he will either need to seek and receive leave to amend his complaint in this case or he will need to consider initiating new litigation. Plaintiff should also keep in mind that he must generally exhaust the issues with the prison's grievance process before attempting to add claims or to file a new suit. For the foregoing reasons, the Court denies Basemore's motion.

### DISPOSITION

**IT IS HEREBY ORDERED THAT** Basemore's Motion for a Temporary Restraining Order or Preliminary Injunction (Doc. 34) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: August 7, 2026.**

Digitally signed by
Judge Sison
Date: 2026.08.07
14:31:46 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**